IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**JUNE AMOROSA PAGE,**

    Plaintiffs,

v.

**NANCY A. BERRYHILL,** Acting Commissioner of Social Security,

    Defendant.

No. 6:17-CV-00444-MO

ORDER AND OPINION

**MOSMAN, J.,**

Plaintiff June Amorosa Page challenges the Commissioner's decision denying her claim for disability insurance benefits. I have jurisdiction under 42 U.S.C. § 405(g) to review the Administrative Law Judge's ("ALJ") decision. For the reasons stated below I AFFIRM the ALJ's decision.

## PROCEDURAL BACKGROUND

Ms. Page filed her first application for Title II Disability Insurance Benefits on February 20, 2014, alleging disability beginning January 1, 1993. This application received an unfavorable initial review on March 8, 2014. Instead of appealing, Ms. Page filed a new application for benefits on April 1, 2014. The Commissioner denied the application initially on May 9, 2014, and on reconsideration on July 14, 2014. Ms. Page filed a timely request for a hearing on July 31, 2014. An ALJ held a hearing on May 3, 2016. Although the ALJ informed her of her right to representation, Ms. Page appeared and testified without the assistance of an attorney or other representative. The ALJ issued a decision on August 3, 2016, denying Ms. Page's application on the basis that she was not under a disability, as

1 –OPINION AND ORDER

defined by the Social Security Act, at any time from January 1, 1993, the alleged onset date, through September 30, 1998, her date last insured. In February 2017, the Appeals Council denied Ms. Page's request for review, making the decision to deny benefits the Commissioner's final decision.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon step one of the five-step sequential evaluation process established by the Secretary of Health and Human Services. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920 (establishing the five-step evaluative process for SSI claims).

At Step One, the ALJ determined that Ms. Page engaged in substantial gainful activity in the period 2000-2003, after her date last insured of September 30, 1998. Because the ALJ found Ms. Page to have performed substantial gainful activity after her insured status for disability income benefits had expired, he could not find her disabled for the period while she was still insured. Accordingly, the ALJ ended his analysis at step one.

## STANDARD OF REVIEW

I review the ALJ's decision to ensure the ALJ applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (explaining that the ALJ's decision must be supported by substantial evidence and not based on legal error). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A judge must uphold the Commissioner's decision if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882.

**DISCUSSION**

The overriding issue Ms. Page raises in her briefing is that the denial of her application for disability income benefits because she attempted to go back to work is not fair and that she is being punished for attempting to return to work. Ms. Page also raises five specific claims of error: (1) the ALJ abused his discretion when he found that she engaged in substantial gainful activity; (2) the ALJ erred when he declined to discuss the statements from Ms. Page's family, friends, administrative assistant, and treating Naturopath; (3) the ALJ gave Ms. Page no choice but to go forward with her hearing without an attorney or other representative; (4) the ALJ erred in finding she did not have sufficient quarters of coverage to extend her date last insured; and (5) the Appeals Council improperly declined to review the ALJ's decision. Despite these claims of error, I find substantial evidence in the record supports the ALJ's decision.

### I. The ALJ's Finding that Ms. Page Engaged in Substantial Gainful Activity.

Ms. Page argues substantial evidence does not support the ALJ's determination that she engaged in substantial gainful activity between 2000 and 2003[1] when she worked as a senior engineer because she only returned to work intermittently from spring 1999 through the fall of 2003. Ms. Page claims that when she was working she often had accommodations. "The concept of substantial gainful activity involves the amount of compensation and the substantiality and gainfulness of the activity itself. *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) (citing 20 C.F.R. 404.1532(b)). While not dispositive, earnings over the amount specified in the guidelines create the presumption of substantial gainful employment. *Id.* An applicant can rebut a presumption based on earnings with evidence of her "inability to perform the job well, without special assistance, or for only brief periods of time." *Id.*

---

[1] Ms. Page asserts she "worked off and on from 1999 through 2003." (Resp. to Def.'s Br. at 1, dkt. no. 19).

Here, Ms. Page earned well over the amount specified in the guidelines, this creating the presumption that she engaged in substantial gainful activity. The guidelines presume substantial work activity for a non-blind individual earning over $700 a month in 2000, over $740 a month in 2001, over $780 a month in 2002, and over $800 a month in 2003. 20 C.F.R. § 404.1574; http://www.socialsecurity.gov/OACT/COLA/sga.html (listing monthly earnings presumptive of substantial gainful activity) (last visited March 12, 2018). Ms. Page earned at least $3,000 a month from 2000 to 2003: $45,304.82 in 2000, $54,128.76 in 2001, and $28,881 in 2003 before she stopped working in September of that year. (Tr. 43, 81). I find substantial evidence supports the ALJ's finding that Ms. Page engaged in substantial gainful activity.

Ms. Page contends that the accommodations she received when she was working from 1999-2003 rebuts the presumption that she engaged in substantial gainful activity. Ms. Page lists her accommodations as: intermittent work; her husband taking care of everything at home including her meals; and resting during her lunch hour (Resp. to Def.'s Br. at 4-5, dkt no. 19; Pl.'s Opening Br.at 16, dkt. no. 16). To rebut the presumption of substantial gainful employment, a claimant must show she worked under special conditions. 20 C.F.R. § 404.1573(c). Relatively minor accommodations by an employer do not constitute such; instead, to establish that she worked under special conditions, a claimant must show that her "work environment was the equivalent of a sheltered workshop." *Katz v. Sec'y of Health and Human Serv.*, 972 F.2d 290, 294 (9th Cir. 1992). Ms. Page has not overcome the presumption of substantial gainful activity even though she apparently worked intermittently, relied on her husband to take care of their household, and rested during her lunch hour. Accordingly, I find Ms. Page has not rebutted the presumption that she engaged in substantial gainful activity from 1999-2003.

The ALJ reasonably determined that Ms. Page engaged in substantial gainful activity after her date last insured. Because an individual who engages in substantial gainful activity cannot be disabled

under the relevant regulations, the ALJ correctly found that Ms. Page did not establish disability beginning on or before her date last insured and existing until at least one year before she filed applications for disability income benefits in 2014.

## II. Statements from Ms. Page's Friends, Family, Co-Worker, and Naturopath.

Ms. Page asserts the ALJ erred by not considering the letters from her administrative assistant, friends, family, and naturopath attesting to her "character, condition, actions and health." (Pl.'s Opening Br. at 5, dkt. no. 16). ALJs must only discuss evidence that is significant and probative. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The statements from Ms. Page's family, friends, former co-worker, and naturopath were neither significant nor probative of whether she engaged in substantial gainful activity. *Katz*, 972 F.2d at 293. None of the letters are relevant to whether Ms. Page engaged in substantial gainful activity or had accommodations to do so. Even the letter from her former administrative assistant only discusses Ms. Page's deteriorating health and does not discuss any workplace accommodations made for Ms. Page. (Tr. 74). I find the ALJ did not err by not discussing these statements.

## III. Ms. Page's Right to Representation.

Ms. Page asserts the ALJ gave her no choice but to appear and testify without the assistance of an attorney or other representative. (Pl.'s Opening Br. at 16, dkt. no. 16). Ms. Page, however, has provided no evidence to suggest that she did not understand, or did not voluntarily waive her right to counsel. Moreover, the transcript of the hearing belies her claim that her waiver was involuntary.

After the ALJ informed her of her right to representation, he and Ms. Page engaged in a lengthy discussion of her efforts to obtain an attorney. (Tr. 116-122). The ALJ expressed concern that one of the attorneys Ms. Page attempted to retain refused to represent her because the attorney did not have her entire file. (Tr. 119). Ms. Page explained, however, that this attorney told her he could not represent

her because her date last insured was September 30, 1998, not because he did not have her entire file. (*Id.*). After additional discussion, during which Ms. Page began to discuss the specifics of her appeal, the ALJ reminded her that before "you tell me any of that we still have to resolve the issue of whether you want to waiver your right to representation today." (Tr. 122). Ms. Page replied, "Oh, thank you. Okay. Yes. Let's get on with it." (*Id.*). Based on the record, I find Ms. Page voluntarily waived her right to counsel.

### IV. Ms. Page's Lack of Sufficient Quarters of Coverage.

Ms. Page appears to concede that she did not have sufficient quarters of coverage to reset her date last insured. Nonetheless, she suggests averaging her income for the five years between 1999 and 2003. (Pl. Resp. to Def.'s Br. at 7, dkt. no. 19). She asserts this would "be enough to reset [the] last date insured." (*Id.*). Ms. Page's suggestion is not possible as determination of coverage is set by Congress. To have disability insurance coverage for a disability beginning after age thirty, a claimant must have at least 20 quarters of coverage in the previous forty quarters. 42 U.S.C. § 416(i)(3)(*i*). There are four quarters in a calendar year. 42 U.S.C. § 413(a)(1). A claimant's wages in a calendar year determine how many quarters of coverage she earned that year. 42 U.S.C. § 413(a)(2)(A).

### V. Review of the Appeals Council's Action.

Ms. Page asserts that the language from the notice of the Appeals Council Action "implies that [she] can get relief if the Appeals Council did not fully apply their rules." (Pl.'s Resp. to Def.'s Br. at 9, dkt. no. 19). The notice says: "If you disagree with our action, you may ask for court review *of the Administrative Law Judge's Decision* by filing a civil action." (*Id.*; Tr. at 4 (emphasis added to both)). In other words, if a claimant disagrees with the Appeals Council's decision to deny a claimant's request for review of the ALJ's decision, the claimant may file a civil action seeking review of the ALJ's decision, not of the Appeals Council's decision. The decisions of the Appeals Council are discretionary,

and discretionary actions by an agency are not reviewable. *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985). Accordingly, Ms. Page's argument fails.

## CONCLUSION

For the reasons stated, I find substantial evidence in the record supports the ALJ's decision. Accordingly, I AFFIRM the decision. I DISMISS this action with prejudice.

IT IS SO ORDERED.

DATED this 18 day of April, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge